SM

FILED
AUG 18 2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 19-CR-916 |
| ) | |
| V. ) | Hon: John P. Tharp |
| ) | Presiding Judge |
| OTHO LEE HARRIS ) | |
| Defendant | |

## MOTION TO SUPPRESS EVIDENCE AND QUASH ARREST

Defendant, Otho Lee Harris, pro se moves this Honorable Court to Suppress Evidence and Quash his Warrantless Arrest, and suppress all evidence obtained as a direct or indirect result of the warrantless and unlawful stop, detention and arrest of Mr. Otho Lee Harris.
Such warrantless seizure, searches of his person, and subsequent of properties were an elaborate act by state, and government officials to violate O.L. Harris rights under the United States Fourth Amendment to the United States Constitution.

In support thereof, Mr. Otho Lee Harris states the follows:

### BACKROUND

In the early a.m., approx. 5:15 in the morning of September 30, 2019, as Mr. O.L. Harris was driving to work, he noticed a vehicle with its lights off following him, headed west bound on 79th St. Once Mr. O.L. Harris approached 79th and Greenwood St. he was pulled over, and at that time Mr. O.L. Harris was surrounded by approx. seven (7) CPD vehicles.

A Lt. Lee Greenwood order Mr. O.L. Harris out of his vehicle, Mr. O.L. Harris was cuffed, and transported to a police station located on Harrison and Kedzie where he was placed in an extremely cold interrogation room, he was interrogated for approximately nineteen (19) hours.

Mr. O.L. Harris was interrogated for an arson crime, he denied any an all participation in such crime.

Mr. O.L. Harris sustained a broken leg from a vehicle accident, and have under-gone surgical repairs in having a rod placed in his leg bone.

Such surgical repairs will cause Mr. O.L. Harris to experience severe pain in his hip when he is exposed to coldness for a long period of time.

During such interrogation in the cold room at the Harrison and Kedzie Police Station, Mr. O.L. Harris was experiencing severe pain to the point that he had to be taken to the hospital for medical treatment.

While Mr. O.L. Harris was at the hospital, two (2) ATF agents came to the hospital, and order the two (2) CPD's to take Mr. O.L. Harris back to the interrogation room, the two (2) ATF agents came to the interrogation room, and took Mr. O.L. Harris clothing and gave him a see through thin garment to wear.

Such cold room was an elaborate act of coercing Mr. O.L. Harris to comply in given his sign/consent to give his DNA, and upon the sign consenting to give DNA, Mr. O.L. Harris was given back his clothing, and <u>released</u>.

Such consent to give up his DNA without a Court's order was a direct product of duress coercion.

Once Mr. O.L. Harris arrived back home, he learned from his wife that Lt. Lee Greenwood, and eight to ten (10) CPD's/ATF agents threaten to take her mother's vehicle if she did not sign a consent to search her, and defendant's apartment, and her mother's vehicle.

Mr. O.L. Harris maintain that prior to an elaborate act of coercion consent to get his DNA, and threats to take Mr. O.L. Harris mother-in-law vehicle, if his wife did not sign a consent.

Mr. O.L. Harris maintain that although his wife Mrs. Nekenge Harris signed a consenting form under duress of threats to search their apartment, and mother's vehicle, Mrs. N. Harris did not have legal authorization to give consent to search her mother's vehicle since she was not the rightful owner.

(2)

Mr. O.L. Harris asserts that on the date of December 6, 2019
approximately four (4) ATF agents came to his place of employ-
ment and arrested him for an Arson.
Code section title 18, United States Code, sec. 844(i).

Mr. O.L. Harris now moves this Honorable Court to suppress the
proceeds of DNA withdrawal under act of coercion to get Mr. O.
L. Harris DNA without a Court's order.
Furthermore, suppress the searches and seizure of any evidence
taken from Mr. O.L. Harris apartment, and mother-in-law vehicle
as a result of the illegal searches, and seizure under duress of
Threats, and under an unauthorized search, Mrs. N. Harris did not
own the searched vehicle to give her consent, Lt. Lee Greenwood
had knowledge of the rightful owner. See interrogatory.

## ARGUMENT

1. The seizure and subsequent search of Mr. O.L. Harris and search of his apartment, his wife mother's vehicle under the duress threats of taking the vehicle caused Mrs. Nekenge Harris to unauthorized consent to search the vehicle violated the Fourth Amendment to the United States Constitution.

The Fourth Amendment of the Constitution of the United States
guarantees the rights of persons against "unreasonable search
and seizures," of their person, houses, papers, and effects,
U.S. Const. Amend. IV.
The Exclusionary Rule prohibits the introduction into evidence
of the direct and indirect products of unreasonable search and
seizures. Mapp v. Ohio, 357, U.S. 643 (1961); Wong Sun v. U.S.
371 U.S. 471 (1963).

The Supreme Court has held that a warrantless seizure or search
is per se unreasonable, and unconstitutional, unless one of the
well established and narrowly defined exceptions to the warrant
requirement is present. United States v. Place. 462 U.S. 693,
701 (1983),

Furthermore, Delaware V. Prouse, 440 U.S. 648, 663, 99 S. Ct. 1391, 59 L.Ed. 2d 660 (1979).

If a search or seizure violates the Fourth Amendment, evidence resulting from the violation must be exclude United States v. Wilbourn, 799 F.3d 900 at 910 (7th Cir. 2015).

One limited exception to the warrant requirement is a police citizen encounter known as a "Terry stop." The Supreme Court has held that the Fourth Amendment permits police officers to stop and detain a person on less than probable cause only if the officer has "a reasonable suspicion supported by articulable facts" that the person stopped was engage in, or was about to engage in, criminal conduct, Terry v. Ohio, 392, U.S. 1, 24 (1968). A stop under Terry v. Ohio, is lawful only if law enforcement officers have reasonable suspicion that "a crime may be afoot," United States v. Hampton, 585 F.3d 1033, at 1038 (7th Cir. 2009). In order to conduct an "investigatory stop" consistent with Terry the stopping officer must be "aware of specific and articulable facts giving rise to reasonable suspicion" that there may be criminal activity occurring Jewett v. Anders, 521 F.3d 818, at 823-25 (7th Cir. 2008); United States v. Lopez, 907 F.3d 472, at 478 (7th Cir. 2018); United States v. David Watson, 900 F.3d 892 (7th Cir. 2018).

Determining whether law enforcement had a reasonable suspicion is assessed considering "the totality of the circumstances," and "common-sensical judgments and inferences about human behavior." Id. For an interaction to remain a valid Terry stop, the interaction must be "limited in scope and executed through the least restrictive means reasonable... "United States v. Grogg, 534 F. 3d 807, at 810 (7th Cir. 2008).

In this instant case, law enforcement lacked a signed complaint by the witnesses, the approval of the complaint by the States Attorney, See interrogatory, and lacked an approval by the Court

(4)

which would warrant, probable cause, or reasonable suspicion to
detain or search Mr. O.L. Harris, and although he was released
after nineteen (19) hours, there was no basis to warrant the
seizure, and subsequently searches.

The arresting officer, Lt. L. Greenwood stated during his in-
terrogatory that he got more work to do, upon the arrest of Mr.
O.L. Harris the only probable cause, or reasonable suspicion
Lt. L. Greenwood had to detain Mr. O.L. Harris was a blurred/
indistinguishable video of an individual walking west, and east
with a uniform similar to Mr. O.L. Harris work uniform.

Such evidence do not warrant probable cause to detain Mr. O.L.
Harris.

Mrs. Nekenge Harris was never charged with any criminal activity,
and under duress of threats of having her mother's vehicle taken,
she gave in to a search of her's and Mr. O.L. Harris apartment,
and further unlawfully consented to the search of her mother's
vehicle. United States v. Basinski, 226 F.3d 829 at 834 (7th Cir.
2000), Mrs. N. Harris as a third party did not have legal autho-
rization to give consent to search her mother's vehicle.

Therefore, the searches and seizure of Mr. and Mrs. Harris
thereafter subsequent discovery of evidence, were unreasonable
and the evidence of the searches and seizure, and all fruits
obtained therefrom, must be suppressed.

Mr. O.L. Harris was seized for Fourth Amendment purposes when
he was physically restrained by officers.

A seizure occurs when "a reasonable person in the position of
the defendant would believe that his liberty has been restrained."
United States v. Lewis, 608 F3d 996, at 1000 (7th Cir. 2010)

It is beyond dispute that Mr. O.L. Harris was seized on September
30, 2019 at approximately 5:15 A.M., while on his way to work he
was surrounded by armed officers on 79th & Greenwood Street,
physically restrained him, Mr. O.L. Harris was clearly not free
to leave at that point, he was transported to a police station

located on Harrison and Kedzie where he was held an interrogated for nineteen (19) hours in an extremely cold room until he started to experience severe pain in his hip area.
Although Mr. O.L. Harris was taken to the hospital by CPD's two ATF agent prevented Mr. O.L. Harris from being medically treated and the ATF agents directed the CPD to take Mr. O.L. Harris back to the cold interrogation room.
At that point Mr. O.L. Harris clothing **was took, and h**e was given a thin garment to wear.
Mr. O.L. Harris, thereafter under duress consented to sign a consent form, and gave two (2) DNA Swabs.
He was immediately given back his clothing, and <u>released</u>.

The next question is whether law enforcements seizure of Mr. O.L. Harris was lawful. The answer to this question turn on whether the officers had probable cause to arrest Mr. O.L. Harris on specific and articulable facts which would allow them to briefly detain him for a <u>Terry</u> stop. The answer is very clearly, that they did not.
Before he was arrested on September 8, 2019, Mr. O.L. Harris phone stopped working immediately after his monthly bill of ($65.00) was paid.
Mr. O.L. Harris decided to stop by the Boost Mobile store on his way home from work.
On Sept. 9, 2019 Mr. O.L. Harris went in the Boost Mobile store to complain about his phone to Mr. Abbas Hamdan, however, Mr. O.L. Harris was treated with disrespect asthough he was attempting to run a scam, and Mr. A. Hamdan went as far as to get a young female customer to look at Mr. O.L. Harris phone, prompting her to agree with him. See Boost Mobile security camera.

Such act of disrespectfulness upsetted Mr.O.L. Harris to the point of completely destroying his phone by slamming it to the floor.
Unbeknown to Mr. O.L. Harris, prior to his complaint, there have been several disgruntled/frustrated customers in an out of the

Boost Mobile store, one customer threaten to burn the Boost Mobile store down. See police report.

Mr. O.L. Harris, maintain that he have lived 3 to 4 blocks away from the Boost Mobile store, and have lived in the area for approximately five years.

On the date of Sept. 10, 2019 a surveillance camera on the side of Happy Liquor & Food store on 79th & Cottage Grove Ave. captured an individual walking west bound, and east bound with clothing on similar to that of Mr. O.L. Harris work uniform. Shortly thereafter a second individual was observed headed west bound, and east bound with black clothing on, such individual returned, and threw something at the Boost Mobile window, went east and returned with what appeared to be something white, stood at the Boost Mobile store an ignited the store front.

Thereafter, a blue or green color vehicle came out the alley, and turned west bound on 79th Street.

Before Mr. O.L. Harris was arrested, the arresting officer had no prior information about Mr. O.L. Harris, He was not committing any crime or acting suspiciously alleging that is Mr. O.L. Harris in blue walking west and east bound on the streets.

The only information that the officers could have identify to justify the seizure and subsequent search of Mr. O.L. Harris was that he was upset after paying his phone bill of ($65.00), and his phone immediately shut down, and would not work, that Mr. O.L. Harris gave his phone number to Mr A. Hamdan, the officers was unable to identify any other facts or factors that led them believe that Mr. O.L. Harris committed any crime.

The officers in this case acted upon mere hunch that Mr. O.L. Harris committed a crime.

A belief that an individual might have committed a crime is not sufficient for a finding of reasonable suspicion.

Might is akin to a hunch, and a hunch is not enough. <u>United State v. Lenoir</u>, 318 F.3d 725 (7th Cir. 2003).

Nowhere is it actually reported that Mr. O.L. Harris committed arson an warrant issued for his arrest, nor did the officer identify any facts specific to Mr. O.L. Harris that would provide them with the necessary quantum of evidence to justify the intrusion to Mr. O.L. Harris liberty.
In short, the stop and subsequent search of Mr. O.L. Harris violated his right to be free of unreasonable searches and seizure under the Fourth Amendment to the United States Constitution.

When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given. Bumper v. North Carolina, 391 U.S. 543, 548, 20 L.Ed 2d 797, 88 S.Ct. 1788; Johnson v. United States, 333 U.S. 10, 92 L.Ed 436, 68 S.Ct. 367, and Amos v. United States, 255 U.S. 313, 65 L.Ed 654, 41 S.Ct. 266.

Mr. O.L. Harris asserts that the CPD, and ATF agents utilized an elaborate plan of pretextual acts from an invalidity arrest to seek out evidence from Mr. and Mrs. Harris.
The Supreme Court held. "An arrest may not be used as a pretext to search for evidence." United States v. Lefkowitz, 285 U.S. 452, 467, 52 S. Ct. 420, 424, 76 L.Ed 877 (1932); United States v. Hellman, 556 F.2d 442 (9th Cir. 1977); Amador-Gonzalez v. United 391 F.2d 308 (5th Cir. 1968); Taglavore v. United States, 291 F.2d 262 (9th Cir. 1961); United States V. Robinson, 414 U.S. 218, 94 S.Ct 467, 38 L.Ed 2d 427 (1973)

2. **All evidence obtained from the illegal seizure of Mr. O.L. Harris, and Mrs. N. Harris, and all illegal searches of his person must be suppressed as fruit of the poisonous tree..**

It is axiomatic that evidence obtained as a result of an illegal search and seizure must be suppressed.

Such evidence is the "fruit of a poisonous tree." Nardone v. United States, 308 U.S. 338 (1939).

In this instant case, the fruits of the illegal seizure and subsequent search of Mr. O.L. Harris, and Mrs. N. Harris as well as his subsequent withdrawal fall directly into this category of evidence.

Law enforcement officers had no probable cause nor reasonable suspicion to detain Mr. Otho Lee Harris, let alone search his person or properties, and as supported by their own release of Mr. O.L. Harris.

Without legal justification, the seizure, searches, and interrogation of Mr. O.L. Harris violated the Fourth Amendment to the United States Constitution and all fruits of those violations must be suppressed.

**Wherefore;** Otho Lee Harris moves this Court to grant the instant motion. In the alternative, he asks the Court to hold an evidentiary hearing to resolve factual disputes.

        Respectfully Submitted.

*/s/ Mr. Otho Lee Harris*
Mr. Otho Lee Harris
Reg. #54769-424
Metropolitan Corr'l. Ctr.
71 W. Van Buren St.
Chicago, Illinois 60605

Date: August 16, 2021



```
                    IN   THE
           UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION
```

County of  Cook    )          Case No. 19-CR-916
State of  Illinois )
                              Hon: John P. Tharp

### AFFIDAVIT

I, Otho Lee Harris, being duly sworn, state as follows:

1. On the date of September 30, 2019 after I was arrested on 79 & Greenwood St., in Chicago Illinois, I was taken to a police station on Harrison & Kedzie.

2. I was held in an extremely cold room for approximately nineteen (19) hours and interrogated throughout the nineteen (19) hours off, and on by CPD Lt. Lee Greenwood, ATF Ricky A. Rayner Jr., and ATF J. Ryan Myers.

3. I sustained an injury which required surgical repair of inserting a rod through the bone of my right leg.

4. When exposed to cold weather for a long period of time, such surgical repair will cause severe pain in my hip.

5. Such severe pain became so intense that I had to be taken to the hospital for medical treatment.

6. Two (2) Chicago Police Officers took me to the hospital, and while I was at the hospital awaiting treatment, ATF's Ricky A. Rayner Jr., and J. Ryan Myers came to the hospital, and order the two CPD to take me back to the police station interrogation room.

7. ATF's Ricky A. Rayner Jr., and J. Ryan Myers came in the interrogation room, and took my clothing and gave me a thin see through garment inwhich made the coldness and pain unbearable.

(1)

## CONTINUATION OF AFFIDAVIT

8. Such coldness, and pain was so unbearable to the point that I gave in under duress to consent to the taking of my DNA.

9. Once I consented to the taken of my DNA, I was given back my clothing, and released.

10. On the date of December 6, 2019, ATF's Ricky A. Rayner Jr., J. Ryan Myers, and maybe two (2) other ATF's agents came on my job to arrest me for arson.

SIGN UNDER PENALTY OF PERJURY

FURTHER AFFIANT SAYETH NOT

*Mr. Otho Lee Harris*
Mr. Otho Lee Harris
Reg. #54769-424
Metropolitan Correctional Ctr.
71 W. Van Buren St.
Chicago, Illinois 60605

Date: August 16, 2021

SUBSCRIBED AND SWORN to before me on _____, 20____

_____

Notary Public

NOTICE: Please be advised that the Notary here at the Metropolitan Correctional Center have retired, and I have no other way of getting this Affidavit notarize.

(2)

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OR AMERICA )
) Case No. 19-CR-916
Vs. )
) Hon: John P. Tharp
OTHO LEE HARRIS ) Presiding Judge
Defendant

NOTICE OF FILING MOTION TO
SUPPRESS EVIDENCE
AND QUASH ARREST

Clerk's Office U.S. Dist Ct.        Mr. Paul Paprocki,
Thomas G. Bruton                    Attorney at Law
219 S. Dearborn St.                 3310 N. Harlem Ave.
Chicago, IL 60604                   Chicago, IL 60634

U.S. Attorney Office
Northern District Of Illinois
219 S. Dearborn St. 5th Floor
Chicago, IL 60604

**Please Take Notice** that on August 16, 2021, the Defendant, Otho Lee Harris, filed the Motion To Suppress Evidence And Quash Arrest, supporting Affidavit attached.

Please submit said document to the Honorable Judge John P. Tharp.

CERTIFICATE OF SERVICE

Please take notice that on August 16, 2021, the Defendant certify that he have served the attached Documents upon the supra parties, by placing the same in the U.S. Mail with postage paid at the Metropolitan Correctional Center.

*Mr. Otho Lee Harris*

Mr. Otho Lee Harris
Reg. #54769-424
Metropolitan Correctional
Center
71 W. Van Buren St.
Chicago, IL 60605

FILED
AUG 18 2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

SM

Mr. Otho Lee Harris
Reg. #54769-424
Metropolitan Correctional Center
71 W. Van Buren Street
Chicago, Illinois 60605

LEGAL MAIL


08/18/2021-38

Clerk's Office U.S. District Court
Thomas G. Bruton
219 S. Dearborn Street
Chicago, Illinois 60604

2021 AUG 18 AM 9:31

INSPECTED BY THE
UNITED STATES
MARSHALS SERVICE

METROPOLITAN CORRECTIONAL CENTER
71 W. VAN BUREN ST. CHICAGO, IL 60605

The enclosed letter was processed through special mailing to you
This letter has neither been opened nor inspected.

AUG 1 3 2021

If the writer raises a question or problem over which this facility has jurisdiction,
you may wish to return the material for further information or clarification.
If the writer encloses correspondence for forwarding to another addressee,
please return the enclosure to the above address.